```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Rex Fornaro**

    **v.**                                                      Case No. 06-cv-468-PB

**Daniel P. Neelon, Esq., et al.**


**O R D E R**

Rex Fornaro has moved to transfer this matter back to the United States Bankruptcy Court for the District of New Hampshire. I deny his motion (Doc. No. 30) for the following reasons:

1.  The Bankruptcy Court determined that the matter should be transferred to this court pursuant to 28 U.S.C. § 1412. Fornaro did not seek reconsideration of the transfer order. Nor did he seek leave to file an interlocutory appeal with the District Court for the District of New Jersey. Reviewing the Bankruptcy Court's determination *de novo*, I agree with the Bankruptcy Court that the interests of justice and the convenience of the parties are served by the transfer of this case to this district.

2.  I have subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 because this case appears to be

"related to" a bankruptcy case under Title 11.  See generally, In re Boston Regional Medical Center, Inc. v. Reynolds, 410 F.3d 101, 105-06 (1st Cir. 2005).  Fornaro agrees that the federal courts in New Jersey have jurisdiction pursuant to § 1334, but inexplicitly denies that this court has subject matter jurisdiction under the same provision.  I simply disagree.

    3.  Fornaro argues that the case should be transferred from this district because "serious and significant conflicts exist with this court as confirmed by Attorney Ganon's sworn testimony that Senator Rudman 'is a client and long-term friend of mine (Ganon).'"  Mot. to Transfer at 1.  I cannot discern from this statement why the judges on this court are disqualified from presiding over Fornaro's claim simply because Ganon allegedly claims Senator Rudman as a client and long-term friend.  Neither Ganon nor Senator Rudman are parties to this action, and Senator Rudman has no connection to the case at all.  Any argument that the judges on this court are disqualified in this case because of Ganon's alleged relationship with Senator Rudman is ludicrous.  In any event, a transfer of venue is not warranted even if all judges on this court are disqualified.  Instead, if disqualification is required, the case can remain here and a

judge from another district can be assigned to preside over the case.

    4.  Fornaro also alludes to the need for disqualification because of a "history of repeated protective judicial decisions in New Hampshire relating to defective representation Attorney Ganon provided. . . ."  Mot. to Transfer at 2.  Allegations of this sort ordinarily do not provide a basis for disqualification and I am not aware of any circumstances that require a different result here.  In any event, as I have explained, an argument that a particular judge on this court should be disqualified does not provide a basis for an order transferring the case to another district.

    5.  Fornaro does not argue that the court lacks personal jurisdiction.

    SO ORDERED.

                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge

May 3, 2007

cc:  Rex Fornaro, pro se
     Ralph Suozzo, Esq.
     Christopher Flanagan, Esq.
     Michele Carlucci, Esq.
     William Bogaert, Esq.